IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **LATAWSHA BRADLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| **CAPITAL ONE AUTO FINANCE,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Capital One Auto Finance, a division of Capital One, National Association ("COAF"), improperly named in the Complaint as Capital One Auto Finance, Inc., appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, hereby gives notice of the removal of this action from the General Court of Justice, Superior Court Division, in and for Mecklenburg County, North Carolina to the United States District Court for the Western District of North Carolina, Charlotte Division. In support of this Notice of Removal, COAF states as follows:

## PROCEDURAL BACKGROUND

1. The plaintiff Latawsha Bradley ("Plaintiff") filed a Complaint in the General Court of Justice, Superior Court Division, in and for Mecklenburg County, North Carolina on July 23, 2025. The Complaint was assigned case number 25CV037572-590 (the "State Court Action"). True and correct copies of all filings in the State Court Action are attached hereto as Exhibits "1-A" through "1-F."

2. A summons was issued to COAF on July 23, 2025. *See* Ex. 1-C.

3. Also on July 23, 2025, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. *See* Ex. 1-B.

4. On July 24, 2025, Plaintiff filed the Amended Complaint. *See* Ex. 1-D. The summons and a copy of the Amended Complaint, along with Plaintiff's motion for injunctive relief, were received by COAF in the mail on July 28, 2025. A true and correct copy of all process and pleadings served upon COAF to date is attached hereto as Exhibit "2."

5. On July 28, 2025, Plaintiff filed a Second Amended Complaint, including Exhibits A through O. *See* Ex. 1-E.

6. On July 29, 2025, a hearing was held on Plaintiff's motion for injunctive relief, and the state court entered an order denying same. *See* Ex. 1-F.

## GROUNDS FOR REMOVAL

### A. Federal Question Jurisdiction.

7. This Court has subject matter jurisdiction over Plaintiff's claims because the face of the Complaint implicates a federal question. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

8. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

9. This is a civil action arising under the Constitution, laws, or treaties of the United States because Plaintiff asserts that COAF violated the Fair Debt Collection Practices Act ("FDCPA"), which is a federal statute. *See generally* Ex. 1-A, 1-D, 1-E. Accordingly, Plaintiff's

62158699 v1

2

Case 3:25-cv-00643-MOC-DCK    Document 1    Filed 08/26/25    Page 2 of 5

claims in this action arise under the laws of the United States and fall within this Court's original jurisdiction.

**B. <u>Supplemental Jurisdiction Over State Law Claims.</u>**

10. This Court can properly exercise supplemental jurisdiction over Plaintiff's state law claims because they form part of the same case or controversy as Plaintiff's federal claims.

11. The supplemental jurisdiction statute, section 1367, provides, in pertinent part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

28 U.S.C. § 1367(a).

12. In the instant case, all of Plaintiff's claims – federal and state – arise out of and relate to the same common nucleus of operative facts. Namely, Plaintiff alleges that Plaintiff and COAF are parties to a contract, that COAF engaged in collection efforts relating to Plaintiff's obligations under that contract, and that COAF's collection activities violated state and federal law. Thus, Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).

13. It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

**C. <u>COAF Has Satisfied All Procedural Requirements.</u>**

14. This Notice of Removal, signed pursuant to Rule 11, contains a short and plain statement of the grounds for removal, and is being filed within the district and division where the

State Court Action is pending. Further, contemporaneously herewith, COAF is filing a copy of all process, pleadings, and orders served upon COAF in the State Court Action. 28 U.S.C. § 1446(a).

15. As set forth above, COAF received a copy of the Complaint and a summons on July 28, 2025. Thus, this Notice of Removal is timely because it is being filed within 30 days of same. 28 U.S.C. § 1446(b)(1).

16. Finally, promptly after the filing of this Notice of Removal, COAF will give written notice of such filing to Plaintiff, and will a copy of with the clerk in the State Court Action. 28 U.S.C. § 1446(d).

## ADOPTION AND PRESERVATION OF DEFENSES

17. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of COAF's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

WHEREFORE, COAF prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Magistrate Court of Henry County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 26th day of August, 2025.

*s/ Ellen T. Mathews*
Ellen T. Mathews (N.C. Bar No. 54646)

Burr & Forman, LLP
420 20th Street N, Suite 3400
Birmingham, AL 35203

Telephone: (205) 458-5410
Facsimile: (205) 714-6897
Email: emathews@burr.com

*Counsel for Capital One Auto Finance, a division of Capital One, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 26th day of August, 2025, I served (or caused to be served) a copy of the foregoing Notice of Removal on the following persons via Federal Express:

Latawsha Bradley
2341 Apple Glen Lane
Charlotte, NC 28269

*s/ Ellen T. Mathews*
Ellen T. Mathews